H. A. Robinson, Respondent, v. Hope Building & Real Estate Company, Appellant.

St. Louis Court of Appeals, December 7, 1897.

Account: EVIDENCE: SUFFICIENCY. The evidence in this cause is considered by the court, and held sufficient to support the judgment on the account sued on.

*Appeal from the St. Louis City Circuit Court.*—Hon. Selden P. Spencer, Judge.

Affirmed.

*T. J. Rowe* and *Hiram J. Grover* for appellant.

*Carl Otto* for respondent.

Bland, P. J.—The respondent began this suit by filing before a justice of the peace in the city of St. Louis an itemized account for work and labor as draughtsman, time and car fare as superintendent of appellant's building contracts, and for material furnished, amounting in all to $84.10, and also an account stated as follows:

"St. Louis, Nov. 28, 1895.

"Hope Building and Real Estate Co., To H. A. Robinson, Dr.:

"For work done by days work as foreman for Hope Building Co., three hundred and sixty-six dollars and six cents, left stand on time book as agreed upon by J. W. McIntyre, secretary and treasurer of said

Company, at the rate of seven per cent, due on demand.  Said work beginning in 1891.

```
"From November 28, 1893................$366 60
"Interest to November 28th, 1895..........  25 62   in one year
                                          _____
                                          $392 22
                                            27 45   in one year
                                          _____
                                          $419 67"
```

From the justice the cause was appealed to the circuit court, where upon a trial to the court sitting as a jury respondent recovered judgment for $499.77, from which the Hope Building Company duly perfected its appeal to this court.

The respondent was the only witness examined. His testimony tended to prove the correctness of the open account sued on, and his pass book and the pass book of appellant kept by Mr. McIntyre, the secretary and treasurer of the appellant, tended to prove the account stated, as appears from the copies of the entries taken from them and incorporated in the bill of exceptions.  These books were before the trial judge and he had the opportunity to examine them (they are not before us). From these and the uncontradicted testimony of Robinson, he was evidently satisfied that the open account and the account stated were proven.  From a reading of the testimony as sent out in the bill of exceptions we find that the judgment is supported by the evidence and can not be disturbed by us for want of evidence to support it.

*ACCOUNT: evidence: sufficiency.*

Appellant contends that the court allowed respondent compound interest on his claim, and that the judgment should be reversed for that reason, but it has failed to make good this contention (that compound interest was allowed).  On the contrary, assuming that the respondent was entitled to seven per cent simple

interest on his account stated of $366.60, and allowing interest at six per cent on the open account from the date of filing before the justice, the totals will exceed the amount of the judgment. The objections and exceptions to the reception and rejection of testimony on the trial are without merit or authority to support them, and are ruled against the appellant. We discover no reversible error in the record and affirm the judgment. All concur.